IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>KENNETH JOSEPH WOODARD,<br><br>　　　　　　　　　　Debtor(s). | CASE NO. BK 08-81442<br><br>CHAPTER 13<br><br>ADV. NO. A21-8023-TLS |
| KENNETH JOSEPH WOODARD, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff(s)<br>vs.<br><br>NAVIENT SOLUTIONS, LLC, and NAVIENT CREDIT FINANCE CORPORATION,<br><br>　　　　　　　　　　Defendants(s). | **ORDER** |

　　　This matter is before the court on the plaintiff's motion for class certification (Fil. No. 14) and opposition by the defendants (Fil. No. 20). Hearing was held on October 18, 2022. Jason W. Burge and Kaja S. Elmer appeared for the plaintiff. Beth Sieg and Tom Farrell appeared for the defendants. This motion was deferred pending a decision on the defendants' motion to compel arbitration. The court ruled on that motion on December 14, 2022. No party filed an appeal, so this motion was taken under advisement and is now ready to be decided.

　　　The motion will be granted.

**Background**

　　　This is an adversary proceeding seeking relief from the defendants'[1] alleged violations of the discharge injunction of 11 U.S.C. § 524 through the collection of discharged student loan debt. The plaintiff asks the court to certify a class of litigants composed of consumer education loan borrowers who filed for bankruptcy protection within the Eighth Circuit, received discharge orders, and were subject to post-discharge collection efforts by the defendants.[2] The plaintiff (and

---

[1] The defendants will also be referred to collectively herein as "Navient."

[2] Specifically, the plaintiff describes the proposed class as follows:

　　　Plaintiff seeks to certify a class for both injunctive purposes and damages purposes, consisting of: The citizens of the various states who filed for bankruptcy in a United States Bankruptcy Court within the United States Eighth Circuit and were issued discharge orders from a United States Bankruptcy Court within this

proposed class members) seek, *inter alia*, a declaratory judgment that the class members' loans were discharged upon entry of discharge orders in their bankruptcy cases, injunctive relief prohibiting the defendants from continuing to collect from the debtors on discharged debts, and restitution or disgorgement of funds collected on the discharged debts.

## Jurisdiction

The first question to be addressed is this court's jurisdiction and authority over a circuit-wide class action. The plaintiff (and by extension, the proposed class) seeks to enforce the discharge injunction of 11 U.S.C. § 524(a), prohibiting creditors from taking steps to collect on debts that were discharged in bankruptcy. The parties do not dispute this court's subject-matter jurisdiction over bankruptcy cases. Navient does, however, challenge this court's authority to enforce any discharge orders other than ones it entered.

A § 524 discharge injunction is not an individualized, court-crafted injunction that can only be interpreted or enforced by the court which entered it. "[A] fundamental difference [exists] between the normal injunction issued by a court after considering the factors required to be applied in issuing an injunction order and the injunction created by Congress in Section 524(a) to support the discharge under Section 727 of the Bankruptcy Code." *In re Haynes*, No. 11-23212 (RDD), 2014 WL 3608891, at *8 (Bankr. S.D.N.Y. July 22, 2014). "[T]he bankruptcy discharge order is . . . a national form, which is issued in every case when there is, in fact, a discharge." *Id.* The discharge order operates as an injunction by the statutory authority of § 524(a)(2). In contrast to obtaining an injunction under Federal Rule of Civil Procedure 65, a debtor "merely needs to prove that the debt was, in fact, subject to the discharge under Section 727 and not declared non-dischargeable under Section 523 of the Bankruptcy Code. It is not a handcrafted order." *Id.* The statutory injunction is also supported by "the power conferred on the Court by section 105(a) of the Bankruptcy Code to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title'[.]" *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 641

---

Circuit since October 17, 2005, who (1) before filing for bankruptcy, obtained or were co-signers on private loans from Defendants or their predecessors-in-interest that were not made under any program funded by a non-profit institution to cover expenses at ineligible institutions as that term is defined in 11 U.S.C. § 523(a)(8)(B) and 26 U.S.C. § 221(d); (2) have never reaffirmed any pre-petition private loans described above; and (3) have nonetheless been subjected to Defendants' policy of attempting to induce payment and/or collect on and/or Defendants' successful inducement of payment and/or collection on these discharged private loans. Excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest or that has a controlling interest in any of Defendants, Defendants' legal representatives, assignees, and successors, the attorneys for Plaintiff and the Class, and any member of the attorneys' immediate families. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

Fil. No. 14 at 10.

B.R. 1, 17 (Bankr. S.D.N.Y. 2022). The United States Supreme Court in *Taggart v. Lorenzen*, ___ U.S. ___, 139 S. Ct. 1795 (2019), held that the standard for finding a violation of the discharge "is an objective one. A court may hold a creditor in civil contempt for violating a discharge order where there is no 'fair ground for doubt' as to whether the creditor's conduct might be lawful under the discharge order." *Id.* at 1804. "When the same, systematic violation, for the same systematic reason, is alleged with respect to the breach of many identical, 'not detailed' discharge orders, [*Taggart*] at 1802, a court's application of that objective standard would not necessarily undercut 'judicial process,' jurisdictionally or otherwise." *Anderson*, 641 B.R. at 19. Thus, this court has authority to enforce discharge injunctions entered by other judges and other courts.

### Class action waiver

Navient asserts that by signing the promissory note for his career training loan, the plaintiff agreed to waive his ability to participate in any class action upon the invocation of either party's election to arbitrate issues regarding the loan.[3] Navient attempted to invoke its arbitration rights upon filing its opposition to the motion to certify the class (Fil. No. 20 at 11) and subsequently filed a motion to compel arbitration (Fil. No. 41).

The court heard the motion on December 14, 2022, and denied it, finding that Navient had knowingly relinquished its right to arbitration by acting inconsistently with that right in failing to

---

[3] That provision follows:

Arbitration Provision

The provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to this Note or my application for a loan or advertisements, promotions, or oral or written statements related to this Note or the program under which such a loan is or would be made, the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note) or the validity, enforceability or scope of this Arbitration Provision or the entire Note (collectively, "Claim"). Any dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration under the applicable code of procedure (as in effect at the time the Claim is filed) of the Arbitration Administer I select as provided above. A party who has asserted a claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties. There shall be no authority or right to have any Claims resolved on a class action basis and the arbitrator may only decide your or our Claim(s) and may not consolidate or join the claims of other persons who have similar claims. . . .

Note at 3 (Ex. A to Fil. No. 27).

timely raise it in this adversary proceeding and by consenting to entry of judgment by a bankruptcy judge. The court also found that the arbitration clause was inapplicable in this case because this lawsuit is not a claim under the note. Rather, it is an action regarding the application of the Bankruptcy Code's discharge provisions and whether Navient's actions violated the discharge injunction. The note is merely incidental to that determination. Further, the court held that even if these claims do fall within the scope of the arbitration provision, the matters at issue are core bankruptcy statutory matters and are best left for resolution by the bankruptcy courts. Allowing such statutory matters to be decided by an arbitrator instead of a bankruptcy judge would conflict with the Bankruptcy Code.

Navient asserts that the class action waiver provision in the note nevertheless remains enforceable notwithstanding this court's ruling on the inapplicability of the arbitration provision.

Navient cites *Bock v. Salt Creek Midstream LLC*, Case No. CV 19-1163 WJ/GJF, 2020 WL 5640669 (D.N.M. Sept. 22, 2020), as support for its position. *Bock* involved alleged failure to pay overtime under federal and state labor standards. The plaintiff employees had signed arbitration agreements as a condition of their employment, and those agreements contained a section headed "Class Action Waiver." That section stated in relevant part:

> The Company and I waive any right for any dispute to be brought, heard, decided, or arbitrated as a class and/or collective action ("Class Action Waiver"). An arbitrator shall have no authority under this Agreement to hear or arbitrate any class or collective action dispute. **Notwithstanding any other provision in this Agreement, this Class Action Waiver shall not be severable from this Agreement in any instance in which a dispute is brought as a class and/or collective action.**

*Id.* at *8 (emphasis added).

The defendant argued that this provision was independently enforceable and prevented the plaintiffs from bringing any dispute as a class action either in court or in arbitration. The plaintiffs argued that the waiver was not severable because it refers solely to the restrictions on what can be pursued in arbitration. Confoundingly, the plaintiffs did not elaborate on their position, even after being given an opportunity to supplement their response. The court nevertheless considered the merits of the plaintiffs' argument and found it lacking. The court said that the language highlighted above – which is broader than that used in Woodard's promissory note – "directly contradicts the position they espouse and instead requires that the prohibition on class/collective actions applies ('shall not be severable') in *any instance* in which a dispute is brought as a class action[,]" i*d.* at *9, and "the class action waiver, unlike [a separate mutual arbitration provision in the agreement], does not contain any limitation whatsoever on the disputes or the parties to the disputes that fall within its scope and is independently applicable, regardless of whether it is in connection with an arbitration provision or another kind of employment agreement." *Id.* at *10.

In a payday loan case in Texas also raised by Navient in its argument, the loan documents contained an arbitration clause with a subsection waiving the right to participate as a member of

- 4 -

a class. Unlike the present case, the loan documents also contained a separate waiver of the right to bring or participate in any class action in connection with the loan. The plaintiff took the position that "the class action waiver clauses clearly only apply to class arbitration and, without an arbitration forum, the class action waiver provisions are no longer valid." *Ranzy v. Extra Cash of Texas, Inc.*, Case No. CV H-09-3334, 2011 WL 13257274, at *4 (S.D. Tex. Oct. 14, 2011). The court agreed that the plaintiff's position may be viable under the right circumstances – but those circumstances did not exist in the case because of the separate, specific class action waiver. "This is a plausible argument if the waivers contained within the arbitration clauses were the only waivers in the agreements. But they are not. There are separate waivers with separate headings specifying that the parties agree not to bring or participate in class actions." *Id.*

Unlike these cases, Woodard's promissory note contains no such separate or explicit class action waiver. Instead, the waiver is embedded in the arbitration clause and by its plain language applies only in the context of the arbitration of the parties' claims. Because the arbitration clause is inapplicable here, the class action waiver does not apply.

### **Federal Rule of Civil Procedure 23**

The next matter to be addressed concerns the necessary elements of a class action. A plaintiff seeking class certification under Federal Rule of Civil Procedure 23[4] must "satisfy all of the criteria enumerated in Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and fall within at least one subsection of Rule 23(b)." *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008). The court is required to conduct a "rigorous analysis" to determine that the requirements of Rule 23 have been met, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011), but has "broad discretion" to determine whether class certification is appropriate. *Arreola*, 546 F.3d at 794.

There is little serious dispute that these four elements of Rule 23(a) have been met. With regard to numerosity – that the proposed class be "so numerous that joinder of all members is impracticable" – Navient concedes there are more than 2,900 loans to borrowers subject to a bankruptcy discharge within the Eighth Circuit. The plaintiff's analysis of these records indicate there are at least 1,500 class members who received bankruptcy discharges from courts in the Eighth Circuit and who currently reside in the Eighth Circuit. While the Eighth Circuit Court of Appeals has not established a minimum number of plaintiffs that makes joinder impracticable and a class action desirable, a proposed class of approximately 2,000 members has been found to be "sufficiently large that joinder is impracticable, and a class action is desirable." *Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM, 2022 WL 2130811, at *4 (N.D. Iowa June 14, 2022). The proposed class of plaintiffs here is sufficiently large to meet the numerosity requirement.

Commonality – that there be "questions of law or fact common to the class" – is not a difficult standard to meet. *Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 674 (S.D. Iowa 2009). A party need simply show that "the legal question linking the class members is

---

[4] Made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7023.

substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Commonality "'does not require that every question of law or fact be common to every member of the class . . . and may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'" *Downing v. Goldman Phipps PLLC*, Case No. 4:13CV206 CDP, 2015 WL 4255342, at *4 (E.D. Mo. July 14, 2015) (quoting *Paxton v. Union Nat. Bank*, 688 F.2d 552, 561 (8th Cir. 1982)). The overarching complaint of the proposed class members here is Navient's alleged violation of the discharge injunction. While not every question of law or fact may be common to every class member, the issues concerning the alleged violation are substantially related.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Typicality" means that there are "other members of the class who have the same or similar grievances as the Plaintiff[s]." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977) (citations omitted). "A named plaintiff's claim is typical 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.'" *Wineland*, 267 F.R.D. at 674 (quoting *Paxton*, 688 F.2d at 561)). As with commonality, the claims of the proposed class in this case all arise from Navient's alleged violation of the bankruptcy discharge injunction.

The court must also determine whether the representative parties will "fairly and adequately protect the interests of the class." "To make this determination, a court must ascertain 'whether: (1) the class representatives have common interests with the members of the class, and (2) the class representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Cervantes*, 2022 WL 2130811, at *5 (quoting *Paxton*, 688 F.2d at 562–63)). In its opposition to class certification, Navient focuses on the differences among the various types of loan programs represented among the class of borrowers, and the distinction between Chapter 7 and Chapter 13 treatments of such loans, as well as the plaintiff's ability to serve as the class representative and his counsel's purported conflict of interest in acting as class counsel due to representing similarly situated plaintiffs in similar actions against Navient in other jurisdictions.

Some aspects of Navient's position were addressed earlier when this court ruled that the arbitration clause was not applicable here. Moreover, the primary issue in the case is whether the loans involved in this proposed class action were discharged in bankruptcy, so the focus should be on the dischargeable or non-dischargeable nature of the loan rather than what the loan is named. The potential class members each claim that Navient continued to collect on discharged debts. While there may be factual differences among the borrowers' claims, they have a common interest in holding Navient to account for its alleged discharge violations. As to Woodard's ability to "vigorously prosecute the interests of the class," Navient has provided no evidence to the contrary, nor has the court observed any such inability. A plaintiff who does not want to represent the interests of the entire class, or who delays seeking class certification, may not be an adequate representative. *Rattray v. Woodbury Cnty., Iowa*, 253 F.R.D. 444, 455 (N.D. Iowa 2008), *aff'd*, 614 F.3d 831 (8th Cir. 2010). In contrast, Woodard is fully engaged in expeditiously pursuing this litigation on behalf of similarly situated borrowers, and he is relying on highly capable counsel to guide him.

Having found that the plaintiff has satisfied each element of Rule 23(a), I turn now to Rule 23(b).[5] "The proposed class must also satisfy the requirements of one subsection of Rule 23(b), thereby demonstrating that the suit is the type of case the Federal Rules of Civil Procedure deem appropriate for class action resolution." *Cervantes*, 2022 WL 2130811, at *6.

The three subsections of Rule 23(b) are disjunctive, so a court may find any one of them supports moving forward with a class action. The first type of class action listed in subdivision (b) deals with a risk of separate adjudications for the party opposing a class or members of the class. The second type of class action is appropriate when a defendant's conduct or failure to act is based upon grounds that apply generally to the entire class and is essentially limited to

---

[5] Rule 23(b) provides:

b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

    (1) prosecuting separate actions by or against individual class members would create a risk of:

        (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

        (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

    (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

    (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

        (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

        (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

        (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

        (D) the likely difficulties in managing a class action.

instances where final injunctive or declaratory relief is the appropriate remedy for the class as a whole. The third type of class action arises where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The critical element of this subsection is the predominance of common questions with respect to the law or facts involved.

The plaintiff asserts that each of the three subsections of Rule 23(b) is satisfied in this case. Navient objects to certification under any of the three subsections. While the Court does not necessarily agree with Navient's positions regarding Rule 23(b)(1) and (2), its objections to the use of those subsections appear to have more merit than their objections to Rule 23(b)(3). For that reason, and since the facts of this case fit best under Rule 23(b)(3), that is the subsection the discussion will focus on.

Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. "To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem Prod., Inc. v. Windsor*, 521 U.S.591, 615 (1997). The non-exhaustive list of factors (A) – (D) relevant to the court's evaluation of predominance and superiority are intended to direct the court's consideration to "the interests of individual members of the class in controlling their own litigations and carrying them on as they see fit." *Id.* at 616 (quoting the advisory committee's note to the 1966 revisions of Fed. R. Civ. P. 23). Class certification may outweigh individual members' interests where "the class may have a high degree of cohesion and prosecution of the action through representatives would be quite unobjectionable, or the amounts at stake for individuals may be so small that separate suits would be impracticable." *Id.* The Supreme Court said "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Id.* at 617 (quoting Benjamin Kaplan, *A Prefatory Note*, 10 B.C. Ind. & Com. L. Rev. 497, 497 (1969)).

Navient sets forth a litany of "individualized factual determinations" that need to be made for each class member, which it argues precludes the approval of a class. This court is cognizant that any matters of restitution and monetary damages will likely need to be addressed on a case-by-case basis once liability has been established. However, the necessity for such individualized findings in the future should not derail the efficiencies of ascertaining liability through a class action. "[T]he fact that the damages calculation may involve individualized analysis is not by itself sufficient to preclude certification when liability can be determined on a class-wide basis." *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 697 (D. Minn. 1995). Some of the potential individualized questions posited by Navient – what representations the borrower made when obtaining the loan, for instance, or whether Navient collected from a co-borrower – can be answered from Navient's own records. Additional individualized questions, such as the names

of the members of the class, the amounts paid on each loan post-discharge, and the extent of the collection efforts by Navient, should also be readily ascertainable from Navient's records.

The economies of going forward as a class also favor the plaintiff. Navient's records indicate there are more than 1,000 borrowers, and many of them have a relatively low average outstanding principal balance of less than $2,500. Given present litigation costs, it is unlikely that individual borrowers would be willing to pursue their claims against Navient, so becoming part of a class action would be in their best interests. Likewise, judicial economy favors a class action in one court instead of hundreds of individual lawsuits filed in multiple courts.

The plaintiff has shown under Rule 23(b) that this proposed class action is the type of case that is appropriate for going forward as a class action under federal procedural rules.

### Conclusion

The plaintiff has established under the elements of Rule 23 that a class action should be approved in this litigation as an efficient and equitable method of resolving the issue of whether Navient has violated the discharge injunction and, if so, what remedies are responsive to that violation. Given the specific requirements under Rule 23(c) for the contents of the order certifying the class and for giving notice to the class, it would be helpful to the court if the plaintiff would prepare and submit a proposed order and form of notice to the class.

IT IS ORDERED: The plaintiff's motion for class certification (Fil. No. 14) will be granted by the terms of an order to be submitted. This Order shall not be final for purposes of appeal until such time as the class action order to be submitted is entered by the Court on the docket. The plaintiff shall confer with defendants and prepare and submit to the Court a proposed order and class notice by March 31, 2023.

Date: March 8, 2023.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the court to:
*Jason W. Burge     *Kaja S. Elmer
Beth Sieg           Tom Farrell

*Movant is responsible for giving notice to other parties if required by rule or statute.